Samuel E. Joyner (*pro hac vice* pending)
Texas Bar No. 24036865
sjoyner@ccsb.com
Chijioke E. Offor (*pro hac vice* pending)
Texas Bar No. 24065840
coffor@ccsb.com
**Carrington, Coleman, Sloman & Blumenthal, L.L.P.**
901 Main Street, Suite 5500
Dallas, Texas 75202
Telephone: (214) 855-3000
Facsimile: (214) 855-1333

Robert L. Leslie
California Bar No. 61872
leslie@oles.com
**OLES MORRISON**
492 Ninth Street, Suite 220
Oakland, CA 94607
Telephone: (510) 903-2001
Facsimile: (510) 903-2015

Attorneys for Nonparty
AQUA Licensing, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| YOUTOO TECHNOLOGIES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> TWITTER, INC., <br><br> Defendant. | Case No. CV 17 80 006 MISC <br><br> (N.D. Tex. Case No. 3:16-cv-00764-N) <br><br> NONPARTY AQUA LICENSING, LLC'S NOTICE OF MOTION AND MOTION TO QUASH SUBPOENA, MEMORANDUM AND POINTS OF AUTHORITIES IN SUPPORT <br><br> Date: January __, 2017 <br> Time: 9:00 a.m. |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Please take notice that on January ___, 2017, at 9:00 a.m. or as soon thereafter as this matter may be heard in the courtroom of the Honorable _____, located at 450 Golden Gate Avenue, San Francisco, California, nonparty AQUA Licensing, LLC ("AQUA") will and hereby does move this Court for an order transferring the Subpoena to Produce Documents in a Civil Action, dated December 1, 2016, served upon it by Defendant Twitter, Inc. and issued by the United States District Court for the Northern District of Texas in connection with the action *Youtoo Technologies, LLC v. Twitter, Inc.*, No. 3:16-CV-00764-N (the "Subpoena") to the Northern District of Texas, Dallas Division. In the alternative, AQUA will and hereby does move this Court for an order quashing the Subpoena. This Motion is brought pursuant to Federal Rule of Civil Procedure 45(f) and Federal Rule of Civil Procedure 45(d)(3)(A)-(B).

AQUA makes this Motion pursuant to this Notice of Motion, Motion and Memorandum of Points and Authorities, and Declaration of Samuel E. Joyner in Support thereof, filed concurrently; the files and records in this case; and any argument advanced at the hearing on this Motion.

DATED: January 5, 2017.

Respectfully submitted,

By: _____

Samuel E. Joyner (*pro hac vice* pending)
Texas Bar No. 24036865
sjoyner@ccsb.com
Chijioke E. Offor (*pro hac vice* pending)
Texas Bar No. 24065840
coffor@ccsb.com
**Carrington, Coleman, Sloman & Blumenthal, L.L.P.**
901 Main Street, Suite 5500
Dallas, Texas 75202
Telephone: (214) 855-3000
Facsimile: (214) 855-1333

Robert L. Leslie
California Bar No. 61872
leslie@oles.com
**OLES MORRISON**
492 Ninth Street, Suite 220
Oakland, CA 94607
Telephone: (510) 903-2001
Facsimile: (510) 903-2015

Attorneys for Nonparty
AQUA Licensing, LLC

NONPARTY AQUA LICENSING, LLC'S
MOTION TO QUASH SUBPOENA

# MEMORANDUM OF POINTS OF AUTHORITIES

## I. INTRODUCTION

Nonparty AQUA Licensing, LLC ("AQUA") respectfully asks the Court to transfer the document subpoena (the "Subpoena") propounded by Twitter, Inc. ("Twitter") in connection with a patent infringement lawsuit pending between Youtoo Technologies, LLC ("Youtoo") and Twitter in Dallas, Texas to the Northern District of Texas. In the alternative, AQUA asks this Court to quash the Subpoena because Twitter seeks discovery of (1) information that is not relevant to the parties' claims and defenses, (2) information equally available to Twitter through discovery served on its party opponent Youtoo, and (3) information protected by Youtoo's claim of attorney-client privilege.

## II. FACTUAL BACKGROUND

On March 3, 2016, Youtoo sued Twitter in the Northern District of Texas alleging infringement of U.S. Patent No. 8,464,304 (the "'304 patent"), U.S. Patent No. 8,601,506 (the "'506 patent"), and U.S. Patent No. 9,083,997 (the "'997 patent"). *See* Declaration of Samuel E. Joyner ("Joyner Decl."), ¶ 2.

On May 13, 2016, Twitter moved to dismiss the infringement claims for the '304 and '506 patents arguing that the two related patents are invalid as abstract under 35 U.S.C. § 101. *See id.* ¶ 5.

On November 10, 2016, the Dallas district court entered an order granting Twitter's motion to dismiss Youtoo's infringement claims for the '304 and '506 patents, and holding these patents invalid under 35 U.S.C. § 101 because "the claims at issue are patent-ineligible." *See id.* ¶ 6.

On or about December 1, 2016, Twitter served AQUA with the Subpoena.[1] *See id.* ¶ 8.

---

[1] The Subpoena commanded AQUA to produce documents on December 22, 2016, and Twitter's counsel subsequently agreed to extend AQUA's deadline to January 5, 2017.

Eight days later, on December 9, 2016, Twitter filed its answer, affirmative defenses, and counterclaims which are limited to alleged invalidity, failure to mark, noninfringement, and the equitable doctrines of estoppel, laches, disclaimer, and/or waiver. *See id.* ¶ 9. Twitter did not answer the complaint in regards to Youtoo's infringement claims for the '304 and '506 patents. Nevertheless, and despite the Dallas district court's November 10, 2016 Order, Twitter now improperly seeks discovery on the '304 and '506 patents from a nonparty. *See id.* ¶ 8.

AQUA respectfully requests that the Court transfer this Motion to the Northern District of Texas because the Motion presents issues pertaining to the scope of relevant discovery and may impact matters already ruled on, or to be ruled on, by the district court where the matter is pending. Alternatively, AQUA requests that the Court quash the Subpoena because the information Twitter seeks is irrelevant to the claims and defenses in the Texas action, discoverable through Youtoo, and protected by the attorney-client privilege.

### III.   ARGUMENT

**A.   Legal Standards**

Federal Rule of Civil Procedure 45 governs discovery of nonparties by subpoena. The scope of discovery through a Rule 45 subpoena is the same as the scope of discovery permitted under Federal Rule of Civil Procedure 26(b). *Intermarine, LLC v. Spliethoff Bevrachtingskantoor, B.V.*, 123 F. Supp. 3d 1215, 1217 (N.D. Cal. 2015).

To determine whether a subpoena should be enforced, a court is guided by Rule 45, which protects a subpoenaed party from "undue burden," and Rule 26, which provides that the court must limit discovery if "the discovery sought . . . can be obtained from some other source that is more convenient, less burdensome, or less expensive" or if "the burden or expense of the proposed discovery outweighs its likely benefit." FED. R. CIV. P. 45(d)(1); FED. R. CIV. P. 26(b)(2)(C)(i). "A party or attorney responsible for issuing and serving a subpoena must take

reasonable steps to avoid imposing undue burden or expense on a [nonparty] subject to the subpoena." FED. R. CIV. P. 45(d)(1). In turn, the court "must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance." FED. R. CIV. P. 45(d)(2)(B)(ii).

When the court where compliance is required did not issue the subpoena, it may transfer the motion to quash to the issuing court if the entity subject to the subpoena consents. FED. R. CIV. P. 45(f). Alternatively, the court must quash or modify a subpoena that requires disclosure of privileged or other protected matter if no exception or waiver applies or that subjects a person to undue burden. FED. R. CIV. P. 45(d)(3)(A). The court may quash or modify a subpoena which would disclose a "trade secret or other confidential research, development, or commercial information." FED. R. CIV. P. 45(d)(3)(B).

"The Ninth Circuit has long held that nonparties subject to discovery requests deserve extra protection from the courts." *Lemberg Law LLC v. Hussin*, No. 16-mc-80066-JCS, 2016 U.S. Dist. LEXIS 76772, at *15 (N.D. Cal. June 13, 2016) (quotation omitted). A court must "limit the discovery sought if it is unreasonably duplicative, if it can be obtained from a source that is more convenient or less burdensome, or if the burden of producing it outweighs its likely benefit." *Petka v. Mylan Pharm., Inc.*, No. 16-mc-80196-MJS, 2016 U.S. Dist. LEXIS 164591, at *7 (N.D. Cal. Nov. 28, 2016). This is particularly so where necessary to prevent "the use of subpoenas to compel the giving of evidence and information by unretained experts." *Mattel, Inc. v. Walking Mountain Productions*, 353 F.3d 792, 814 (9th Cir. 2003).

**B.  Transfer of this Motion to the Northern District of Texas is warranted.**

Pursuant to Federal Rule of Civil Procedure 45(f), AQUA asks that this Motion be transferred to the Northern District of Texas, Dallas Division. AQUA filed this Motion in the Northern District of California as the underlying subpoena requires compliance in San Francisco,

California. Based on the circumstances here, however, transfer to the Northern District of Texas, Dallas Division is warranted because the Motion presents issues regarding the scope of relevant discovery in the entire case that are likely to arise throughout the case and may impact matters already ruled on, or to be ruled on, by the court where the matter is pending. *See* 2013 Advisory Committee Notes, Rule 45. For this reason, transfer is appropriate and requested.

**C.     Because the Subpoena is unduly burdensome, it should be quashed.**

In the alternative, AQUA asks this Court to quash the Subpoena since it is unduly burdensome.

> **1.     Requests 1-10, 12-15, and 21 are unduly burdensome, overbroad, irrelevant, and not proportional to the needs of the case, as they seek discovery on all Youtoo patents including those Judge Godbey held invalid.**

Requests 1-10, 12-15, and 21 each seek documents, communication, agreements, and other information pertaining to the "Youtoo Patents," a term the Subpoena defines as encompassing all Youtoo patents, including the dismissed '304 and '506 patents. In particular, the Subpoena defines "Youtoo Patents" as:

> • "8. The term "Youtoo Patents" means any patent or patent application, divisional, provisional, reissue, reexamination, and *any U.S. or foreign application* or patent *assigned to, or owned by*, either in whole or in part, *Youtoo*. The term "Youtoo Patents" *includes*, without limitation, the '997 Patent, *'304 Patent, '506 Patent*, the '768 Application, any domestic or foreign counterpart, continuation, continuation-in-part, or divisional of the '997 Patent, *'304 Patent, '506 Patent*, and the '768 Application, and/or any patent or patent application, divisionals, provisionals, reissues, reexaminations, and any U.S. or foreign application or patent that claims priority to or incorporates the '997 Patent, *'304 Patent, or '506 Patent*."

*See* Joyner Decl., Ex. C at 2 (emphasis added). As previously discussed, on November 10, 2016, Judge Godbey held the '304 and '506 patents invalid under 35 U.S.C. § 101 and granted Twitter's motion to dismiss these patents from the underlying case. Requests using the term "Youtoo Patents" necessarily are overly broad, and directed towards information that is neither relevant

nor proportional to the needs of the underlying litigation. The request of such irrelevant information from a nonparty constitutes undue burden.

    **2.    Requests 2, 4-6, 8, 11, 13, and 21 are unduly burdensome because they seek information from a nonparty equally available through discovery on party opponent Youtoo.**

Requests 2, 4-6, 8, 11, 13, and 21 are unduly burdensome as they blatantly seek from nonparty AQUA production of information Twitter is required to seek from its party opponent, including, e.g., "[a]ll communications with Youtoo regarding the Youtoo Patents" and "all documents" relating to and/or sufficient to show:

- "entities identified . . . . as potential acquirers";
- "entities identified . . . as potential infringers";
- "any agreements with Youtoo or any named inventor of [the patents]";
- "all persons . . . with any interest . . . in the Youtoo Patents . . . or the outcome of this litigation, including . . . persons with any financial interest in [the patents] and/or Youtoo . . .";
- "any investigation, testing, analysis, study, examination, or reverse engineering . . . any Twitter product or technology";
- "the ownership, chain or title, any . . . assignment of, and . . . exclusive license to . . . the Youtoo Patents."; and
- "'encumbrances' on any of the Youtoo Patents . . . ."

*See* Joyner Decl., Ex. C at 6-7. Before burdening AQUA with these ancillary requests, Twitter should seek the discovery from Youtoo. *See Haworth, Inc. v. Herman Miller, Inc.*, 998 F.2d 975, 978 (Fed. Cir. 1993) (affirming district court ruling requiring that party "seek discovery from its party opponent before burdening the nonparty").

    **3.    Requests 2, 4-5, 9-12, 14, 16, and 19 should be quashed because they seek discovery of attorney-client privileged communications and AQUA's highly confidential customer lists.**

**Requests 2, 4-5, 9-12, 14, 16, and 19**. Requests 2, 4-5, 9-12, 14, 16, and 19 seek wide-ranging disclosure of communications and documents related to Youtoo's and AQUA's efforts to

license and/or sell Youtoo's patents to third parties, including, e.g., "[a]ll communications with Youtoo regarding the Youtoo Patents" and "all documents" relating to:

- "entities identified . . . . as potential acquirers";
- "entities identified . . . as potential infringers";
- "any valuation or monetary assessment of . . . [the patents]";
- "any infringement search, study, analysis, evaluation, investigation, or opinion related to . . . [the patents]";
- "any investigation, testing, analysis, study, examination, or reverse engineering . . . any Twitter product or technology";
- "the patentability, validity, invalidity, enforceability, unenforceability, scope, or interpretation of . . . [the patents]"; and
- "the 'claim charts drafted on four products' referred to on page 1 of the Youtoo Portfolio Sale Offer Document."

*See* Joyner Decl., Ex. C at 6-7. In short, these Requests seek to discover, from Youtoo's legal advisor AQUA, all patent analyses, legal advice, strategy and investigation concerning Youtoo's patents—regardless of whether Youtoo or AQUA disclosed such information to the third parties.

The Subpoena must be quashed or modified because the foregoing Requests necessarily seek discovery of confidential attorney-client privileged information. Pursuant to Rule 45, on timely motion, this Court "must quash or modify a subpoena that . . . requires disclosure of privileged or other protected matter, if no exception or waiver applies." FED. R. CIV. P. 45(d)(3)(A)(iii). Federal common law governs the application of the attorney-client privilege in patent cases. *High Point Sarl v. Sprint Nextel Corp.*, No. 09-02269-CM-DJW, 2012 U.S. Dist. LEXIS 8435, *18 (D. Kan. Jan. 25, 2012). The purpose of the attorney-client privilege "is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." *High Point Sarl*, 2012 U.S. Dist. LEXIS 8435, at *18 (quoting *Upjohn Co. v. U.S.*, 449 U.S. 383, 389 (1981)).

The essential elements of the attorney-client privilege under the federal common law are satisfied where, as here, "[(1)] legal advice of any kind is sought (2) from an professional legal advisor in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal advisor, (8) except if the protection is waived." *New Jersey v. Sprint Corp.*, 258 F.R.D. 421, 425 (D. Kan. 2009). The privilege protects not only "confidential communications by a client to an attorney made in order to obtain legal assistance from the attorney in his capacity as a legal advisor," but also "advice given by the lawyer in the course of representing the client." *Id.* (citation omitted). These protections apply to "communications with in-house counsel as well as outside attorneys." *Id.*

Here, there can be no doubt the Requests seek discovery of information protected from disclosure by the attorney-client privilege. As an initial matter, Youtoo hired AQUA and, specifically, its managing director Peter Savage, an attorney, to evaluate Youtoo's patent assets and advise and assist Youtoo in its efforts to license or sell its patents. Joyner Decl. ¶ 2. In this context, confidential communications, including emails, attachments, and presentations, by Youtoo to AQUA were made in order for Youtoo to obtain legal advice regarding strategy for licensing and and/or selling its patents. *Id.* In turn, such advice, was given by AQUA, and specifically by Mr. Savage. *Id.* All such communications and advice are protected by the attorney-client privilege. *High Point Sarl*, 2012 U.S. Dist. LEXIS 8435, at *18-19.

Because the Requests are not directed to information disclosed to third parties and squarely implicate information exchanged between Youtoo and its legal advisor AQUA (and Mr. Savage), the Subpoena must be quashed or modified because it seeks discovery of information that is clearly privileged and need not be produced. FED. R. CIV. P. 45(d)(3)(A)(iii); *cf. Sprint Commc'ns Co., L.P. v. Comcast Cable Commc'ns., LLC*, Nos. 11-2684-JWL,

11-2685-JWL and 11-2686-JWL, 2015 U.S. Dist. LEXIS 83841, *10 (D. Kan. June 29, 2015) (finding presentation created by outside attorneys and provided to Comcast's in-house patent counsel was clearly privileged and need not be produced where it was presented to Comcast's executives but was not shared with any third party).

**Request 4.** In addition to seeking discovery of privileged matters, Request 4 further seeks discovery of AQUA's highly confidential customer lists from which "potential acquirers" of rights in Youtoo's patents may have been drawn. The Federal Rules expressly authorize the Court to quash or modify a subpoena that requires "disclosing trade secret or other confidential research, development or commercial information." FED. R. CIV. P. 45(d)(3)(B)(i). Confidential commercial information, within the meaning of Rule 45(d)(3)(B)(i) and its counterpart Rule 26(c)(1)(G), is "important proprietary information that provides the business entity with a financial or competitive advantage when it is kept secret, and results in financial or competitive harm when it is released to the public." *In re Bos. Sci. Corp. Pelvic Repair Sys. Prod. Liab. Litig.*, No. MDL No. 2326, 2014 U.S. Dist. LEXIS 47971, *3098 (S.D. W. Va. Mar. 31, 2014) (citations omitted). Once a subpoenaed party demonstrates "the confidential and proprietary nature of the information, and the party's historical efforts to protect it from disclosure," the burden shifts to the requesting party to establish a "substantial need for the information that cannot be met without undue hardship." *Id.* at *3098-99; FED. R. CIV. P. 45(d)(3)(C); *see also Gonzales v. Google, Inc.*, 234 F.R.D. 674, 684 (N.D. Cal. 2006).

Here, there should be no question that AQUA's lists of customers—and specifically, its lists of potential acquirers of intellectual property rights (including the contact and decision making insights contained therein)—are entitled to protection under Rule 45(d)(3)(B)(i). *See In re Bos. Sci. Corp.*, 2014 U.S. Dist. LEXIS 47971, at *3098 (observing customer lists are entitled to protection under Rule 45(d)(3)(B)(i)). AQUA has never disclosed this confidential and

proprietary information to anyone. The Subpoena does not reflect, and Twitter does not in fact have, any need, substantial or otherwise, for AQUA's customer lists of customers of identification of "potential acquirers" of rights in the Youtoo's patents. Such information is not relevant to the parties' claims and defenses, as the actions of nonparty potential acquirers are not at issue here. Thus, there is no reason to require production of AQUA's customers lists under specified conditions as an alternative. *Gonzales*, 234 F.R.D. at 684. Accordingly, the Subpoena should be quashed.

## IV.  CONCLUSION

For the foregoing reasons, AQUA respectfully requests that the Court grant its request to transfer this Motion to the Northern District of Texas, Dallas Division. In the alternative, AQUA respectfully requests that this Court enter an order quashing the Subpoena, and award AQUA such other and further relief, general and special, legal or equitable, as to which this Court may deem just and proper.

| | | |
|---|---|---|
| 1 | DATED: January 5, 2017. | Respectfully submitted, |

By: _____

Samuel E. Joyner (*pro hac vice* pending)
Texas Bar No. 24036865
sjoyner@ccsb.com
Chijioke E. Offor (*pro hac vice* pending)
Texas Bar No. 24065840
coffor@ccsb.com
**Carrington, Coleman, Sloman & Blumenthal, L.L.P.**
901 Main Street, Suite 5500
Dallas, Texas 75202
Telephone: (214) 855-3000
Facsimile: (214) 855-1333

Robert L. Leslie
California Bar No. 61872
leslie@oles.com
**OLES MORRISON**
492 Ninth Street, Suite 220
Oakland, CA 94607
Telephone: (510) 903-2001
Facsimile: (510) 903-2015

Attorneys for Nonparty
AQUA Licensing, LLC